**SO ORDERED.**

**SIGNED this 15th day of January, 2026.**



Dale L. Somers
United States Chief Bankruptcy Judge

*Designated for Online Publication*
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **Feedex Companies LLC,** | **Case No. 24-21039-11** |
| **Debtor.** | |

**Order Granting in Part and Denying in Part Debtor's Motion for Distribution of Proceeds**

On December 3, 2025, the Debtor filed its Motion for Distribution of Proceeds (the "Motion").[1] The United States Trustee (the "Trustee") filed an Objection to the Motion (the "Objection")[2] and a hearing was held on January 8, 2025.[3] For the following reasons, the Motion is granted in part and denied in part. By order

---

[1] Doc. 211.

[2] Doc. 215.

[3] George J. Thomas appeared for the Debtor; John Nemecek appeared for the Trustee.

1

entered on October 19, 2025, this Court granted the Debtor's motion to approve the sale of its assets.[4] The sale was completed. The proceeds of $476,946.44 were sent to Debtor's counsel to be held in trust.

In the Motion, the Debtor makes two requests: 1) that the sale proceeds be transferred to the Debtor, and 2) that $461,946.44 of the proceeds be distributed to The Larry D. Doskocil Living Trust (the "Doskocil Trust") and the remaining $15,000 be distributed *pro rata* to the unsecured creditors.[5]

The Trustee objected on the grounds that the proposed distribution appears to be a sub rosa plan reorganizing the case outside the plan confirmation process. Specifically, the Trustee asserts the distribution scheme does not include the payment of administrative fees (e.g., the Trustee's statutory fees, professional fees owing to the accountant, other junior secured creditors), and this priority-skipping "structured dismissal" is impermissible. The Debtor responded that this case meets the requirements for a structured dismissal.

The Court does not object to the transfer of the sale proceeds from counsel's trust fund to the Debtor, nor does the Trustee object to that request. However, the Court finds the Trustee's position opposing the proposed distribution as requested in the Motion has merit.

Accordingly, the Court grants the Motion with respect to the Debtor's request to transfer the sale proceeds to the Debtor and denies the Motion with respect to the

---

[4] Doc. 194.

[5] The Debtor represented that the Doskocil Trust and the Unsecured Creditors Committee have agreed to this allocation.

2

Motion's proposed distribution of the sale proceeds.[6] The Debtor is instructed to file a separate motion regarding the future distribution of the proceeds.

**It is so ordered.**

###

---

[6] In this Order, the Court is not opining on the propriety of a structured dismissal in this case or requiring the Debtor to proceed with the plan confirmation process. The Court is, however, urging the Debtor and the Doskocil Trust to work with the Trustee on an acceptable path toward completion.